NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0025n.06

No. 12-5355

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

TREVIS LOVE,                                      )
                                                 )
    Petitioner-Appellant,                        )
                                                 )
                                                 ) ON APPEAL FROM THE UNITED
v.                                               ) STATES DISTRICT COURT FOR THE
                                                 ) EASTERN DISTRICT OF TENNESSEE
UNITED STATES OF AMERICA,                         )
                                                 )
    Respondent-Appellee.                         )

Before:  COOK and STRANCH, Circuit Judges; and CARR, District Judge[*]

CARR, District Judge.  In this collateral attack under 28 U.S.C. § 2255, petitioner-appellant Trevis Love seeks relief from his conviction for conspiring to possess and distribute more than five kilograms of cocaine.  Love raised numerous claims in the district court, but his primary contention was that trial counsel were ineffective for failing to: 1) call as many as twelve witnesses to corroborate his testimony that he was not a cocaine dealer; 2) retain a handwriting expert; 3) move for a severance so that a codefendant could have testified on his behalf; and 4) object that the Eastern District of Tennessee's jury-selection procedures systematically exclude blacks from venires in the District.

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 12-5355
*Love v. United States of America*

The district court rejected the majority of Love's claims in an initial opinion, *see Love v. United States*, Nos. 2:03-CR-62, 2:09-CV-18, 2012 WL 424982 (E.D. Tenn. Feb. 9, 2012), and, after holding an evidentiary hearing, issued a thorough opinion denying the ineffective assistance claim, *see Love v. United States*, Nos. 2:03-CR-62, 2:09-CV-18, 2012 WL 1032793 (E.D. Tenn. Mar. 12, 2012). In brief, the court determined that Love's attorneys developed an unimpeachable trial strategy and reasonably decided that calling the proposed witnesses would on balance harm rather than help the defense. The court further held that Love could not show that counsels' other lapses were deficient or prejudicial to the defense.

Love now appeals, contending that the district court underestimated the importance of corroborating his testimony that he was a legitimate businessman (rather than a cocaine dealer) and overstated the damage that the proposed witnesses could have done to the defense case. He also disputes the district court's ruling that there was no material issue on which a handwriting expert could have opined at trial—and thus that counsel were not ineffective for failing to seek out such an expert. In addition, Love takes issue with the court's ruling that failing to request a severance was neither deficient nor prejudicial. Finally, Love argues that any reasonable attorney would have objected to the lack of African-Americans in the venire from which his jury was selected.[1]

---

[1] Love also raises a new claim: that the district court violated the Sixth Amendment when it, rather than the jury, found the fact necessary to increase the applicable mandatory-minimum—here, the fact of his prior state-court drug conviction. This claim fails because *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), did not change the longstanding rule that a judge may, without submitting the issue to a jury, increase a defendant's sentence based on a prior conviction because the fact of a prior conviction is excepted from the jury requirement. *See id.* at 2163; *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

After reviewing the record, the applicable law, and the parties' briefs, and having had the benefit of oral argument, we are not persuaded by Love's arguments. Because the district court has fully and persuasively explained why Love is not entitled to relief, we find that issuing a panel opinion would serve no jurisprudential purpose. We therefore AFFIRM the district court's judgment for the reasons set forth in Judge Greer's opinions and orders dated February 9, 2012, and March 27, 2012.